IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DARRELL FARLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV205-113 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Alan L. Bergstrom, ("the ALJ" or "ALJ Bergstrom") denying his claim for a period of disability and Disability Insurance Benefits. Plaintiff urges the Court to remand this case because the ALJ's decision is not supported by substantial evidence. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits on April 25, 2002, alleging that he became disabled on December 14, 1999, due to degenerative disc disease, atrophy of the left lower extremity, occasional left foot drop, recurrent L5 sensory neuropathy, obesity, and sleep apnea. (Tr. at 29.) After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On September 30, 2003, ALJ Bergstrom held a hearing at which Plaintiff appeared and testified. Plaintiff's wife, Autumn Marie Farley, and a vocational expert also appeared and testified. Plaintiff was

AO 72A
(Rev. 8/82)

represented by counsel at that hearing. ALJ Bergstrom concluded that Plaintiff was not disabled within the meaning of the Act. (Tr. at 20.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 7.)

Plaintiff, born on July 9, 1959, was 44 years old when ALJ Bergstrom issued his decision. He has more than a high school education. (Tr. at 18.) His past relevant work experience includes work as an electrical worker and ordinance equipment operator. (Id.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed

2

disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (Tr. at 21.) At step two, ALJ Bergstrom determined that Plaintiff has a combination of impairments considered severe within the Act. (Id.) However, the ALJ ascertained that Plaintiff's medically determinable impairments do not meet or medically equal a listed impairment. (Id.) The ALJ found that Plaintiff's residual functional capacity ("RFC") precluded him from the performance of his past relevant work. ALJ Bergstrom determined that claimant retained the RFC for sedentary exertional work. (Tr. at 29.) ALJ Bergstrom determined that Plaintiff could not perform the full range of sedentary work, but retained the vocational adjustment to perform work which exists in significant numbers in the national economy. (Tr. at 16.) The ALJ concluded that Plaintiff was not disabled at any time through the date of this decision. (Id.)

AO 72A
(Rev. 8/82)

## **ISSUES PRESENTED**

Whether the ALJ erred by:

I.  Concluding that Plaintiff's condition did not meet or equal the requirements of Listing 1.04 and failing to obtain medical expert advice as to equivalence.

II. Determining that Plaintiff requires a change of position once per hour because he failed to resolve conflicting physicians' opinions regarding Plaintiff's need to alternate positions more frequently.

III. Failing to consider the effect of Plaintiff's testimony on his ability to work, despite the ALJ's finding that Plaintiff's statements about the impact of his impairments were credible.

## **STANDARD OF REVIEW**

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d

4

at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

I.  **The ALJ Failed to Resolve Conflicts in the Evidence Regarding Plaintiff's Sit/Stand Capability**

Plaintiff asserts that remand is required to assess Plaintiff's need to alternate between sitting and standing positions. Plaintiff contends that new vocational expert testimony is needed to assess the effect of a more frequent need to alternate positions. Plaintiff avers that the ALJ's decision does not contain any analysis of conflicting evidence in the record. Plaintiff also contends that the ALJ failed to account for the effects of his subjective symptomatic complaints, despite finding them generally credible. Plaintiff states that the ALJ's failure to credit his testimony or the opinions of treating physicians requires reversal.

Defendant asserts that the ALJ's RFC finding is consistent with the evidence of record and the credibility afforded Plaintiff's subjective complaints. Defendant contends that "only one cited piece of evidence suggests that Plaintiff must alternate positions more frequently." (Doc. No. 13, Def.'s Brief, at p. 12.) Alternatively, Defendant avers that any resulting error was harmless. Defendant contends that the ALJ provided two positions which are unaffected by Plaintiff's manipulative limitations.

5

> According to Social Security Regulation 96-8p:
>
> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations) . . . the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved . . . The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medial and other evidence.

SSR No. 96-8p 20-21 (1996). The ALJ has a duty to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) (citing 20 C.F.R. 416.912(d)); Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999). In addition, the ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

Prior to Plaintiff's alleged disability date, Dr. Katherine Maurath opined that Plaintiff required the ability to change positions every 15 to 20 minutes. (Tr. at 148.) A month later, Dr. Maurath again reached a similar, but less definite conclusion, when she stated that Plaintiff "need[ed] to be permitted to get up and move frequently." (Tr. at 216.) Similarly, in 2002, Dr. Annette Bell stated that Plaintiff was unable to sit or stand for long periods without specifications on a definite time period. (Tr. at 181.) Plaintiff's testimony at the hearing also supports these findings. Plaintiff testified that he was continually "up and down" throughout the day and night. (Tr. at 322.) He also stated that he could not sit or stand in one position for long. (Id.) In contrast, Dr. Dallas Dan von Hessler did not believe Plaintiff needed to alternate his sitting position at all. (Tr. at 168.) He stated that Plaintiff

6

"can sit for an extended period of time without difficulty [and] can sustain positions and postures for an extended period of time without difficulty." (Id.)

Defendant concedes that there is conflicting evidence regarding Plaintiff's need to alternate between standing and sitting positions. (Doc. No.13, Def.'s Brief, at p.13.) A review of the transcript reveals that ALJ Bergstrom did not directly address this conflict when making his determinations. Although the ALJ stated that he considered all of the medical evidence before him, he did not discuss the discrepancies between Dr. von Hessler and the other physicians. Despite finding Plaintiff's testimony credible, the ALJ did not directly address Plaintiff's testimony on this topic.

Defendant's argument that the ALJ's failure to address conflicting medical opinions constitutes harmless error is without merit. After an incorrect application of a regulation, an error is considered harmless when the correct application of a regulation would not contradict the ALJ's ultimate findings. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983). In the instant case, since it is unclear if the ALJ considered this conflict, his RFC determination may have been adversely affected. The ALJ's failure to address this conflict may have resulted in skewed testimony by the vocational expert. See generally SRR No. 83-12 (1983) (stating that a need to frequently alternate between sitting and standing can exclude many sedentary occupations). The vocational expert did not have the benefit of a resolution of this issue prior to determining the number of jobs available to Plaintiff in the national economy.

The ALJ did not explain his conclusion that Plaintiff necessitates a standing requirement every hour, as opposed to a shorter interval which the Plaintiff currently stresses is necessary. ALJ Bergstrom was under a duty to resolve all conflicts in the

7

AO 72A
(Rev. 8/82)

evidence, but failed to address the differences between these medical assessments with any clarity. The ALJ did not apply appropriate legal standards in reaching his conclusions. Accordingly, the ALJ's determination is not supported by substantial evidence as the record is currently developed. It is unnecessary to discuss Plaintiff's remaining grounds for remand at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 20th day of June, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)